# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RENE PEREZ,**

          **Plaintiff,**

**-vs-**                             **Case No. 6:11-cv-789-Orl-18KRS**

**NATIONAL FREIGHT, INC.,**

          **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S OUTSTANDING DISCOVERY RESPONSES (Doc. No. 23)**
>
> **FILED:**      **September 30, 2011**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant National Freight, Inc. seeks to compel Plaintiff Rene Perez to respond to its First Set of Interrogatories and First Requests for Production. Counsel for Defendant certifies that Perez did not respond to the discovery requests, and that counsel for Perez did not respond to attempts to contact him to confer regarding the discovery dispute.

Similarly, Perez has not responded to the present motion as of the writing of this Order, and the time to respond has passed. Therefore, I consider the motion to be unopposed.

Accordingly, it is **ORDERED** that Rene Perez shall serve sworn responses to Defendant's First Set of Interrogatories and produce documents responsive to Defendant's First Requests for Production of documents on or before October 31, 2011. All objections to the discovery requests have been waived by failing to assert them in timely responses to the discovery requests.

Defendant also requests that the Court order Perez to reimburse it for all reasonable expenses incurred in filing the motion. Fed. R. Civ. P. 37(a)(5) provides that if a motion to compel is granted, the Court must require the party whose conduct necessitated the motion, or the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the motion was filed before attempting in good faith to resolve the matter without Court action, the failure to respond was substantially justified, or other circumstances make an award of expenses unjust. Counsel for Defendant has certified that he and his associate attempted to confer with counsel for Perez. Perez has offered no basis to support a finding that the failure to respond to the discovery requests was substantially justified or that other circumstances make an award of expenses unjust. Accordingly, it is **ORDERED** that Rene Perez shall tender to counsel for Defendant, on or before October 31, 2011, the sum of $500.00 to compensate Defendant, in part, for the attorney's fees and costs expended in filing the present motion.

Failure to comply with this Order may result in further sanctions, including dismissal of the case with prejudice. Fed. R. Civ. P. 16(f).

**DONE** and **ORDERED** in Orlando, Florida on October 18, 2011.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE